## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO.** |
| | : | |
| **v.** | : | **VIOLATIONS:** |
| | : | |
| **HUNTER PALM,** | : | **18 U.S.C. §§ 1512(c)(2), 2** |
| | : | **(Obstruction of an Official Proceeding)** |
| **Defendant.** | : | |
| | : | **18 U.S.C. § 1752(a)(1)** |
| | : | **(Entering or Remaining in any Restricted** |
| | : | **Building or Grounds)** |
| | : | |
| | : | **18 U.S.C. § 1752(a)(2)** |
| | : | **(Engaging in Disorderly or Disruptive** |
| | : | **Conduct in Restricted Buildings or** |
| | : | **Grounds)** |
| | : | |
| | : | **40 U.S.C. § 5104(e)(2)** |
| | : | **(Violent Entry or Disorderly Conduct)** |

### <u>MOTION TO SEAL AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed, the Affidavit in Support of Criminal Complaint, Criminal Complaint, and Arrest Warrant in the above-captioned matter, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.   In support thereof, the government states as follows:

1.     The United States is investigating allegations that Hunter Palm, willfully and knowingly entered the United States Capitol on January 6, 2021, without legal authority, and participated in violent and disorderly conduct in violation of 18 U.S.C. §§ 1512(c)(2), 2; 18 U.S.C. § 1752(a)(1) and (2); and 40 U.S.C. § 5104(e)(2).

1

2.      The Affidavit in Support of Criminal Complaint references evidence gathered in the course of the investigation, including the use of a digital device in furtherance of the crime. The public disclosure of the Government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the defendant, which also may lead to the destruction of evidence in other locations including the digital device.   Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

2.      As stated in <u>Washington Post v. Robinson</u>, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings.   But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'"   <u>Id.</u> at 290 (quoting <u>Oregonian Pub. Co. v. United States Dist. Court</u>, 920 F.2d 1462, 1466 (9th Cir. 1990)).

3.      In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant.   A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

4.      Furthermore, the United States respectfully submits that complying with the normal notice requirements of <u>Washington Post</u> would defeat the purpose of the motion to seal.   Persons who know the criminal justice system also know that docketing a motion to seal an Affidavit in Support of Criminal Complaint and Arrest Warrant, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest her.   Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Complaint

and Arrest Warrant.

      **WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrant, the Affidavit in Support of Criminal Complaint, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

                    Respectfully submitted,

                    CHANNING D. PHILLIPS
                    Acting United States Attorney
                    DC Bar No. 415793

By:          _____
                    Troy A. Edwards, Jr.
                    Assistant United States Attorney
                    N.Y. Bar 5453741
                    555 4th Street, N.W.
                    Washington, D.C. 20530
                    (202) 252-7081
                    Troy.Edwards@usdoj.gov

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO.** |
| | : | |
| **v.** | : | **VIOLATIONS:** |
| | : | |
| **HUNTER PALM,** | : | **18 U.S.C. §§ 1512(c)(2), 2** |
| | : | **(Obstruction of an Official Proceeding)** |
| **Defendant.** | : | |
| | : | **18 U.S.C. § 1752(a)(1)** |
| | : | **(Entering or Remaining in any Restricted** |
| | : | **Building or Grounds)** |
| | : | |
| | : | **18 U.S.C. § 1752(a)(2)** |
| | : | **(Engaging in Disorderly or Disruptive** |
| | : | **Conduct in Restricted Buildings or** |
| | : | **Grounds)** |
| | : | |
| | : | **40 U.S.C. § 5104(e)(2)** |
| | : | **(Violent Entry or Disorderly Conduct)** |

## ORDER

This matter having come before the Court pursuant to the application of the United States to seal criminal complaint, the Court finds that, because of such reasonable grounds to believe the disclosure will result in flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, and serious jeopardy to the investigation, the United States has established that a compelling governmental interest exists to justify the requested sealing.

1.      IT IS THEREFORE ORDERED that the application is hereby GRANTED, and that the affidavit in support of criminal complaint and other related materials, the instant application to seal, and this Order are sealed until the arrest warrant is executed.

1

2.      IT IS FURTHER ORDERED that the Clerk's office shall delay any entry on the

public docket of the arrest warrant until it is executed.


Date:                                          _____

                                               HON. G. MICHAEL HARVEY
                                               UNITED STATES MAGISTRATE JUDGE